# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### NOVEMBER 1997 SESSION



FILED

December 23, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

**GENE HIBBARD,**

    Appellant,

V.

**HOWARD CARLTON, WARDEN,
& STATE OF TENNESSEE,**

    Appellee.

) C.C.A. No. 03C01-9702-CR-00077
)
) Knox County
)
) Honorable Ray L. Jenkins, Judge
)
)
)
) (Habeas Corpus-Rape)
)

FOR THE APPELLANT:

Gene Hibbard, <u>Pro</u> <u>Se</u>
N.E.C.C.
P.O. Box 5000
Mountain City, TN 37683-5000

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Marvin E. Clements
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

Randall E. Nichols
District Attorney General
City-County Building
Knoxville, TN 37902

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Gene Hibbard, was convicted by a jury of two counts of aggravated rape. He was sentenced to thirty years incarceration in the Tennessee Department of Correction. He, thereafter, filed a petition for habeas corpus relief. In his petition he alleged that his convictions were void because the indictments against him were insufficient for failing to cite the applicable code section and failing to allege a mens rea. The trial court dismissed the petition finding that it was not proper for habeas corpus review. The trial court based this finding on the fact that the appellant's convictions were not void on their face and that his sentence had not expired. He appeals this dismissal. Upon review, we affirm.

The appellant contends that the indictment against him did not sufficiently allege the mens rea for aggravated rape.[1] The appellant bases his theory on State v. Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App. at Nashville, filed June 20, 1996). The Tennessee Supreme Court has recently reversed Hill holding that the indictment was constitutionally and statutorily valid. State v. Hill, No. 01-S-01-9701-CC-00005 (Tenn. Nov. 3, 1997). The Court held the following:

> [F]or offenses which neither expressly require nor plainly dispense with the requirement for a culpable mental state, an indictment which fails to allege such mental state will be sufficient to support prosecution and conviction for that offense so long as
>
> > (1) the language of the indictment is sufficient to meet the constitutional requirements of notice to the accused of the charge against which the accused must defend, adequate basis for entry of a proper judgment, and protection from double jeopardy;
> >
> > (2) the form of the indictment meets the requirements of Tenn. Code Ann. § 40-13-202; and

---

[1] The first indictment against the appellant stated that he "unlawfully, and feloniously did sexually penetrate [the victim] to wit: Gene Hibbard did penetrate the vagina of the said [victim] with his penis, the said [victim] being a female less than thirteen (13) years of age, contrary to the Statute and against the peace and dignity of the State." The second indictment stated that the appellant "unlawfully and feloniously did sexually penetrate [the victim], to wit: cunnilingus, the said [victim] being a female less than thirteen (13) years of age, contrary to the Statute and against the peace and dignity of the State." . . . ."

(3) the mental state can be logically
inferred from the conduct alleged.

Id. at 3.

We find that the appellant's indictment sufficiently alleged the elements of aggravated rape and was constitutionally and properly drafted. The facts as alleged in the indictment make the mental state required for conviction logically obvious. The appellant was fully apprised of the charges against him in ordinary and concise language. His indictment gave the convicting court an adequate basis for subject matter jurisdiction. Therefore, the appellant's convictions are void and are improper for habeas corpus review.

Accordingly, we find no error of law mandating reversal. The judgment of the trial court is affirmed.

_____
PAUL G. SUMMERS, Judge

CONCUR:


_____
JOSEPH B. JONES, Presiding Judge


_____
J. CURWOOD WITT, Judge